

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| BETTY HENDRIX, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 1:09-01283-HFF-SVH |
| | § | |
| MICHAEL J. ASTRUE, Commissioner | § | |
| of Social Security Administration, | § | |
| Defendant. | § | |

## ORDER

This case was filed as a social security disability benefits action. Plaintiff is represented by counsel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendant's decision to deny disability benefits be affirmed. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on August 3, 2010; Plaintiff filed her objections to the Report on August 20, 2010; and Defendant filed his reply to the objections on August 31, 2010.

As noted by the Magistrate Judge, the Court is authorized to review the denial of social security benefits under 42 U.S.C. § 405(g). This scope of review, however, is a limited one. The Court must uphold the decision of the Administrative Law Judge (ALJ) as long as substantial evidence exists to support it and the ALJ applied the proper legal standard. *Hines v. Barnhart*, 453 F.3d 559, 561 (4th Cir. 2006) (citing *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001)). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is " 'more than a mere scintilla of evidence but may be somewhat less than a preponderance.' " *Mastro*, 270 F.3d at 176 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). In determining whether substantial evidence supports the ALJ's decision, the Court may not " 'reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ].' " *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (second alteration in original) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). Instead, it must defer to the ALJ when " 'conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled.' " *Id.* (quoting *Craig*, 76 F.3d at 589). The Court, therefore, remains mindful of this limited, deferential standard when reviewing Plaintiff's objections and seeks only to ensure that the ALJ applied the proper legal standards and that substantial evidence exists to support his findings.

Plaintiff first objects to the Magistrate Judge's approval of the ALJ's decision not to give controlling weight to the opinion of Plaintiff's treating psychiatrist, Dr. Jeffrey Smith. Plaintiff

essentially contends that the ALJ misconstrued the evidence in reaching this decision. She maintains that contrary to the ALJ's findings, Dr. Smith's opinion was consistent with his treatment records. Specifically, she asserts that the ALJ and the Magistrate Judge inaccurately depicted Plaintiff's depression as continually improving when it was actually fluctuating between better and worse. Moreover, she claims that ample objective evidence exists to support Dr. Smith's opinion and that he did not overly rely on Plaintiff's subjective complaints. According to Plaintiff, this objective evidence comes from Dr. Smith's own observations. Finally, Plaintiff asserts that the other facts noted by the ALJ as being inconsistent with Dr. Smith's opinion are, in fact, consistent with his opinion. The Court finds these objections to be without merit.

As described by the Magistrate Judge, the ALJ applied the proper legal standard in declining to give Dr. Smith's opinion controlling weight and substantial evidence exists to support his decision. The ALJ may decline to give controlling weight to a treating source's opinion if it is "inconsistent with . . . other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2). Furthermore, the "ALJ's determination as to the weight to be assigned to a medical opinion will generally not be disturbed absent some indication that the ALJ has dredged up 'specious inconsistencies' or has not given good reason for the weight afforded a particular opinion." *Koonce v. Apfel*, No. 98-1144, 1999 WL 7864, at *2 (4th Cir. Jan. 11, 1999). After reviewing the record and the ALJ's decision, the Court is satisfied that the ALJ did not dredge up specious inconsistencies and that he gave good reasons for declining to give Dr. Smith's opinion controlling weight. In his decision, the ALJ demonstrated that he reviewed the record as a whole to find that Dr. Smith's opinion regarding the limitations caused by Plaintiff's depression was inconsistent with other substantial evidence, including Dr. Smith's own treatment notes, Plaintiff's daily living activities,

3

Plaintiff's own statements, and mental examinations of Plaintiff. (R. at 20.) Having determined that the ALJ's decision not to give Dr. Smith's opinion controlling weight conforms with the appropriate legal standards and that substantial evidence exists to support his decision, the Court declines to reweigh the evidence and upholds the ALJ's decision.

Plaintiff also objects on the grounds that the ALJ did not explicitly evaluate every factor in 20 C.F.R. § 404.1527(d). If an ALJ declines to give controlling weight to a treating source's opinion, the United States Court of Appeals for the Fourth Circuit has observed that the ALJ "must consider" the following six factors:

> (1) the physician's length of treatment of the claimant,
> (2) the physician's frequency of examination,
> (3) the nature and extent of the treatment relationship,
> (4) the support of the physician's opinion afforded by the medical evidence of record,
> (5) the consistency of the opinion with the record as a whole[,] and
> (6) the specialization of the treating physician.

*Burch v. Apfel*, No. 00-1402, 2001 WL 574634, at *4 (4th Cir. May 29, 2001) (citing 20 C.F.R. § 404.1527(d)(2)). Plaintiff argues that the ALJ erred by failing to address explicitly each factor—namely, Dr. Smith's speciality, the frequency of Dr. Smith's examinations of Plaintiff, or the length of Dr. Smith's treatment of Plaintiff—when declining to give Dr. Smith's opinion controlling weight. Moreover, she objects to the Magistrate Judge's finding that although the ALJ must consider every factor, he does not have to provide express discussion on a factor-by-factor basis. The Court finds this objection also to be without merit.

As the Magistrate Judge notes, nothing in the regulation requires an express discussion of each factor. *See* 20 C.F.R. § 404.1527(d) (noting the factors that the ALJ should apply when determining the weight to give a treating source's opinion but not requiring an express discussion

4

of each factor). Furthermore, the Fourth Circuit has not mandated an express discussion of each factor. Accordingly, district courts within the Fourth Circuit have split on whether an explicit discussion of every factor is required. *See, e.g.*, *Warren v. Astrue*, No. 5:08-CV-149-FL, 2009 WL 1392898, at *3 (E.D.N.C. May 18, 2009) (holding that an express "factor-by-factor analysis" is not required and that the ALJ did not err by failing to discuss all of the factors); *Jefferson v. Comm'r of Soc. Sec.*, C/A No. 6:02-3470-17AK (D.S.C. Feb. 18, 2004) (holding that *Burch* presumes an express discussion of each factor). At least one other circuit, however, has determined that an express discussion of every factor is not required. *See Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) (holding that the ALJ did not have to discuss explicitly all of the § 404.1527(d) factors when he "provided good reasons . . . for the weight he gave to the treating sources' opinions").

The Court agrees that an express discussion of each factor is not required as long as the ALJ demonstrates that he applied the § 404.1527(d) factors and provides good reasons for his decision. In this case, the ALJ provided good reasons for not assigning great weight to Dr. Smith's opinions and demonstrated that he considered the § 404.1527(d) factors. The ALJ indicated that he considered the support of the treating source's opinion by medical evidence of record when he found Dr. Smith's opinion to be unsupported by his own treatment notes. (R. at 20.) He showed that he considered the consistency of Dr. Smith's opinion with the record as a whole when he explained how he determined Dr. Smith's opinion to be inconsistent with Dr. Smith's own treatment notes, Plaintiff's daily activities, her statements that her depression was "well controlled," and assorted mental examinations. (R. at 20.) The ALJ evinced that he considered the specialization of the treating source by recognizing Dr. Smith's specialization as a psychiatrist. (R. at 20.) Although the ALJ did not explicitly address the length of Dr. Smith's treatment of Plaintiff, the frequency of

5

Dr. Smith's examinations of Plaintiff, or the nature and extent of Dr. Smith and Plaintiff's treatment relationship, the Court is satisfied that he considered them. By citing to the August 2005 and December 2006 treatment notes (R. at 20) the ALJ showed he understood the length of the treatment relationship. In fact, in his August 2005 treatment notes, Dr. Smith acknowledged that he had been "seeing [Plaintiff] for just over two years." (R. at 196.) Moreover, the ALJ's discussion of the content of Dr. Smith's treatment notes (R. at 20) demonstrates that he appreciated the frequency of the examinations and the nature and extent of the treatment relationship between Dr. Smith and Plaintiff. Thus, the Court is confident that the ALJ considered the factors set forth in § 404.1527(d) even though he failed to address them all specifically in a factor-by-factor analysis. Because he considered the required factors and provided good reasons for declining to assign great weight to Dr. Smith's opinion, the Court finds no error in the ALJ's decision.

Plaintiff also objects to the Magistrate Judge's determination that substantial evidence existed to support the ALJ's finding that Plaintiff's back and leg pain did not constitute a severe impairment. This objection mirrors the same argument made by Plaintiff to the Magistrate Judge, and the Court need not address it in detail here. After reviewing the ALJ's decision and the record, the Court agrees with the Magistrate Judge that substantial evidence exists to support the ALJ's determination that Plaintiff's back and leg pain does not constitute a severe impairment.

Finally, Plaintiff objects to the Magistrate Judge's recommendation to uphold the ALJ's finding that Plaintiff's claims of disabling pain and limited functional capacity were not fully credible. Specifically, Plaintiff argues that the ALJ should reassess his credibility finding after giving Dr. Smith's opinion controlling weight. Plaintiff also reasserts her same credibility arguments that she made to the Magistrate Judge. Because the Court upholds the ALJ's

determination not to give Dr. Smith's opinion controlling weight, it finds this objection to be likewise without merit. The Court further agrees with the Magistrate Judge that substantial evidence exists to support the ALJ's finding that Plaintiff's claims of disabling pain and limited functional capacity were not fully credible.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court that the decision of Defendant be **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 1st day of September, 2010, in Spartanburg, South Carolina.

s/ Henry F. Floyd  
HENRY F. FLOYD  
UNITED STATES DISTRICT JUDGE